IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JINLONG HOLDING TRADING CO., LTD., Plaintiffs, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE "A," <br><br> Defendant. | Civil Action No.: 25-cv-12461 <br><br> JURY TRIAL DEMAND |

## VERIFIED COMPLAINT

Plaintiff JINLONG HOLDING TRADING CO., LTD. ("Plaintiff"), by and through its undersigned counsel, brings this action against the individuals, corporations, limited liability companies, partnerships, and unincorporated associations identified in the attached Schedule A (collectively, "Defendants") for violations of Plaintiff's intellectual property rights under federal law.

### INTRODUCTION

1. Plaintiff brings this action to halt the unlawful sale and advertisement of products that infringe its patented design. The Defendants identified on the sealed Schedule A (the "Schedule A Defendants") operate e-commerce storefronts under various seller names and use those storefronts to advertise, offer for sale, and sell unauthorized products ("Unauthorized Products") that incorporate Plaintiff's protected design.

2. The Schedule A Defendants exploit the scale and speed of online marketplaces to engage in infringement with minimal risk of accountability. Contemporaneously with this

1

Complaint, Plaintiff files a sealed Schedule A that identifies each Defendant by storefront identifier(s), Seller Store ID(s), and accused ASIN(s). A redacted public version omits names and identifiers until service is effected.

## THE PARTIES

3. Plaintiff, JINLONG HOLDING TRADING CO., LTD., is a Chinese company with its principal place of FLAT/RM 1605, Ho King Commercial Centre, 2–16 Fa Yuen Street, Mongkok, Kowloon, Hong Kong, China. Plaintiff is the owner, by assignment, of the patent asserted in this action.

4. Specifically, Plaintiff owns all right, title, and interest in U.S. Patent No. D1,074,223 S ("the '223 Patent") by assignment. A true and correct copy of the '223 Patent is attached hereto as Exhibit A.

5. The '223 Patent issued on May 13, 2025. See Exhibit A.

6. The '223 Patent has been, and remains, valid and enforceable at all times relevant to this action. Pursuant to 35 U.S.C. § 282, the '223 Patent is entitled to a presumption of validity.

7. The '223 Patent discloses and claims a new, original, and ornamental design for a tripod easel stand.

8. Plaintiff has authorized its official Amazon storefront to sell products embodying the '223 Patent ("Plaintiff's Products") directly to consumers through online marketplaces. Plaintiff also licenses its patented design to select authorized manufacturers and retailers. Representative examples of Plaintiff's Products are shown in the table below:



Figure 1

Figure 2

Figure 3

9. Plaintiff provides notice of its patent rights by including the patent number in the product title of listings it offers for sale on online marketplaces. *See* Figure 1.

10. Upon information and belief, each Schedule A Defendant operates one or more fully interactive Amazon storefronts associated with the Seller Store ID(s) and accused ASIN(s) listed on the sealed Schedule A, through which they advertise, offer for sale, sell, and/or import Unauthorized Products embodying Plaintiff's patented design. Plaintiff will amend or supplement

3

this pleading as needed after service and early third-party discovery.

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq., and remedies under 35 U.S.C. §§ 283, 284, and 289.

12. Each Schedule A Defendant purposefully directed business to Illinois by operating fully interactive Amazon storefronts that offered and sold the Unauthorized Products to Illinois residents and shipped the Unauthorized Products into this District. Plaintiff's test purchases confirm sales into the United States, including shipments into this District or readily directed to addresses within this District.

13. For any foreign Schedule A Defendant, venue is proper in this District under 28 U.S.C. § 1391(c)(3). For any domestic Schedule A Defendant, venue is governed by 28 U.S.C. § 1400(b). In the alternative, to the extent venue is not proper here as to any domestic Schedule A Defendant, Plaintiff requests severance and transfer of the claims against that Defendant under 28 U.S.C. § 1406(a) while retaining the claims against the remaining Defendant.

14. The Schedule A Defendants target consumers in this District by maintaining online storefronts accessible to Illinois residents, offering shipping to Illinois, pricing in U.S. dollars, and completing transactions for the Unauthorized Products with Illinois purchasers, thereby causing injury to Plaintiff in this District.

## DEFENDANTS' UNLAWFUL CONDUCT

15. The success of Plaintiff's Products has resulted in significant infringement of the '223 Patent. In response, Plaintiff implemented an anti-infringement program to investigate suspicious online marketplace listings identified through proactive internet sweeps. As a result,

Plaintiff compiled a list of fully interactive e-commerce stores offering Unauthorized Products on platforms such as Amazon.com, and provided that list to counsel. The identified sellers, operating under the storefront identifiers listed in Schedule A, are believed to be marketing and selling products that infringe Plaintiff's design-patent rights. True and correct copies of representative screenshots are attached as Exhibit B.

16. Many storefronts share common design features, listing formats, and product imagery, reflecting a coordinated pattern of infringing conduct. See Exhibit B.

17. Defendants target consumers in this Judicial District and across the United States by operating storefronts that are accessible to U.S. consumers, offer shipping to Illinois, and accept payment in U.S. dollars.

18. To confirm Defendants' conduct and their targeting of the U.S. market, Plaintiff conducted test purchases from storefronts identified in Schedule A. The purchased products were shipped into the United States, including into this Judicial District, and appear materially indistinguishable from the design claimed in the '223 Patent. These transactions show that Defendants are actively marketing and selling such products to U.S. consumers. True and correct copies of order confirmations, shipping records, and photographs of the received products are attached as Exhibit C.

19. The e-commerce stores are designed to appear to consumers as legitimate retailers, outlet shops, or wholesalers. They often incorporate product images, descriptions, and layouts that create the false impression of authorization or affiliation with Plaintiff. In reality, Plaintiff has not authorized Defendants to use the '223 Patent, nor has it licensed or permitted them to sell any of Plaintiff's Products.

20. E-commerce store operators often engage in deceptive registration practices,

supplying false, misleading, or incomplete information. As to certain Schedule A sellers, these practices make it difficult to ascertain ownership or operational scope; other Schedule A sellers operate under identifiable domestic business names.

21.E-commerce store operators often engage in deceptive registration practices, supplying false, misleading, or incomplete information. As to certain Schedule A sellers, these practices make it difficult to ascertain ownership or the full scope of operations; other Schedule A sellers operate under identifiable domestic business names.

22.Defendants' unauthorized manufacture, use, offer for sale, sale, and importation of products incorporating the patented ornamental design claimed in the '223 Patent has caused, and is continuing to cause, irreparable harm to Plaintiff, including erosion of patent rights, loss of market share, lost sales, and damage to goodwill.

## COUNT I
## PATENT INFRINGEMENT OF THE '223 Patent (35 U.S.C. § 271)

23.Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 21 as if fully set forth herein.

24.As alleged above, Defendants have knowingly and willfully manufactured, imported, distributed, offered for sale, and sold Unauthorized Products that directly infringe the '223 Patent by embodying the ornamental design claimed therein. Representative examples of these purchased products are shown in Exhibit C. A true and correct claim chart demonstrating infringement is attached as Exhibit D.

25.Plaintiff avers that Defendants offer for sale, sell, and/or import into the United States, for resale or use, products that directly and/or indirectly infringe the ornamental design claimed in the '223 Patent.

26.Plaintiff avers that joinder is proper under Federal Rule of Civil Procedure 20(a)(2).

The claims arise from the same series of transactions, namely sales of products materially indistinguishable from the same patented design on the same online marketplace during an overlapping period. The proof substantially overlaps, including the '223 Patent, screenshots in Exhibit B, test-purchase materials in Exhibit C, the claim chart in Exhibit D, and the accused ASINs and Seller Store IDs on the sealed Schedule A. The case presents common questions of law and fact. Without conceding misjoinder, Plaintiff consents to severance under Rule 21 if later ordered, and to severance and transfer under 28 U.S.C. § 1406(a) as to any domestic defendant for whom venue is not proper here.

27. Plaintiff avers that, as a direct and proximate result of Defendants' infringement, it has suffered and continues to suffer irreparable harm, along with monetary and other damages in an amount to be determined at trial.

28. Plaintiff further avers that Defendants' infringement of the '223 Patent, including offering for sale, selling, and importing products that incorporate the patented design into the United States and this District, has interfered with Plaintiff's exclusive rights under the Patent Act, caused loss of market share, impaired Plaintiff's ability to control use of its patented design, and resulted in lost sales and diminished goodwill.

29. Plaintiff avers that Defendants' infringement has been, and continues to be, willful. Accordingly, Plaintiff is entitled to enhanced damages under 35 U.S.C. § 284. Plaintiff further avers that this case is exceptional within the meaning of 35 U.S.C. § 285, and that Plaintiff is entitled to recover its reasonable attorneys' fees and costs.

30. Plaintiff avers that it is entitled to injunctive relief under 35 U.S.C. § 283. Without a preliminary and permanent injunction, Defendants' infringement will continue, causing Plaintiff irreparable harm, including loss of market share, damage to goodwill, and erosion of its exclusive

patent rights. As shown in Exhibit C, Defendants are actively offering and selling products embodying Plaintiff's patented design in this District, which underscores the need for immediate relief.

31. Plaintiff avers that it is entitled to recover damages adequate to compensate for Defendants' infringement under 35 U.S.C. § 284, in no event less than a reasonable royalty for the use made of the patented design, together with interest and costs as fixed by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products that infringe U.S. Design Patent No. D1,074,223 S; and

   b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing U.S. Design Patent No. D1,074,223 S.

2) That, upon Plaintiff's request, persons and entities with notice of any injunction, including online marketplace platforms such as Amazon, be ordered to disable and cease displaying advertisements, listings, or links associated with Defendants in connection with goods that infringe the '223 Patent;

3) That judgment be entered in favor of Plaintiff and against Defendants finding that Defendants have infringed the '223 Patent;

4) That judgment be entered in favor of Plaintiff and against Defendants finding that

Defendants' infringement of U.S. Patent No. D1,074,223 S has been willful;

      5)      That Plaintiff be awarded Defendants' profits pursuant to 35 U.S.C. § 289 and any other relief available under 35 U.S.C. § 284, together with interest and costs;

      6)      That Plaintiff be awarded treble damages under 35 U.S.C. § 284 for Defendants' willful infringement;

      7)      That this case be declared exceptional under 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees and costs; and

      8)      Award any and all other relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 10, 2025

Respectfully Submitted,

/s/ Alexander Warden
Alexander.warden@walflaw.com
West Atlantic Law Firm, PLLC
104 West 40th Street, 4th and 5th Floor
New York, NY 10018
*Attorney for Plaintiff,*
*JINLONG HOLDING TRADING CO., LTD.*